# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MONICA LAFAYETTE, individually** | * | **CIVIL ACTION NO. 3:26-cv-621** |
| **and on behalf of the Estate of** | * | |
| **Maressa Mays and on behalf of minor** | * | **JUDGE** _____ |
| **child Tari Mays; and** | * | |
| **MARVIN HAMILTON, SR.,** | * | **MAGISTRATE JUDGE** _____ |
| **individually and on behalf of the** | * | |
| **Estate of Maressa Mays** | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **SHERIFF SID J. GAUTREAUX, III,** | * | |
| **WARDEN FONTENOT,** | * | |
| **TURN KEY HEALTH CLINICS, LLC;** | * | |
| **SGT. GARMENT; CPL. ALEXANDER;** | * | |
| **CPL. CHATMAN; DEPUTY DUNN;** | * | |
| **DEPUTY SAWYER; NURSE YOUNG;** | * | |
| **NURSE WILSON; NURSE THOMAS;** | * | |
| **NURSE LANG; LT. COLLINS;** | * | |
| **MAJOR MCFARLAND; CAPT. MILES;** | * | |
| **CAPT. LEADERS; and** | * | |
| **JOHN AND JANE DOE** | * | |
| **DEFENDANTS 1–25,** | * | **JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs Monica Lafayette, individually and on behalf of the Estate of Maressa Mays and on behalf of minor child Tari Mays, and Marvin Hamilton, Sr., individually and on behalf of the Estate of Maressa Mays, who respectfully allege as follows:

## I. INTRODUCTION

1.

This is a civil rights and wrongful death action arising from the preventable death of Maressa Mays while confined at the East Baton Rouge Parish Prison ("EBRPP") on July 19, 2025.

2.

At all times relevant herein, Maressa Mays was a pretrial detainee entitled to protection under the Fourteenth Amendment to the United States Constitution.

3.

Ms. Mays was known by Defendants to suffer from serious mental health conditions, detoxification symptoms, and acute medical vulnerabilities requiring monitoring, treatment, and intervention.

4.

Despite this knowledge, Defendants failed to provide constitutionally adequate medical and mental health care, failed to conduct required welfare checks, failed to follow prison policy, failed to intervene during obvious medical distress, and failed to timely summon emergency medical assistance.

5.

Upon information and belief, Defendants further failed to preserve critical evidence during relevant events surrounding Ms. Mays's death.

6.

Defendants' acts and omissions demonstrated deliberate indifference to Ms. Mays's serious medical needs and substantial risk of death.

7.

As a direct and proximate result of Defendants' unconstitutional conduct, Maressa Mays suffered conscious pain and suffering, severe emotional distress, and death.

## II. JURISDICTION AND VENUE

8.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Plaintiffs assert supplemental jurisdiction over related Louisiana state law claims pursuant to 28 U.S.C. § 1367.

9.

Venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. § 1391 because the acts and omissions complained of occurred within this judicial district.

## III. PARTIES

10.

Plaintiffs herein are:

A. Plaintiff Monica Lafayette is a major resident citizen of Baton Rouge, Louisiana, and is the biological mother of decedent Maressa Mays.

B. Plaintiff Monica Lafayette additionally appears on behalf of Tari Mays, the surviving minor biological child of Maressa Mays.

C. Plaintiff Marvin Hamilton, Sr. is a major resident citizen of Baton Rouge, Louisiana, and is the biological father of decedent Maressa Mays.

D. Decedent Maressa Mays was a thirty-three-year-old woman who died while in the custody and care of Defendants at EBRPP on July 19, 2025.

11.

Made Defendants herein are:

A. Defendant Sid J. Gautreaux, III was at all relevant times the Sheriff of East Baton Rouge Parish and final policymaker for EBRPP.

B. Defendant Warden Fontenot was responsible for operations, staffing, inmate supervision, and policy implementation at EBRPP.

C. Defendant Turn Key Health Clinics, LLC ("Turn Key") contracted to provide medical and mental health care services to inmates housed at EBRPP.

D. Defendants Sgt. Garment, Cpl. Alexander, Cpl. Chatman, Deputy Dunn, Deputy Sawyer, Nurse Young, Nurse Wilson, Nurse Thomas, Nurse Lang, Lt. Collins, Major McFarland, Capt. Miles, and Capt. Leaders were employees and/or agents of EBRPP and/or Turn Key acting under color of state law.

12.

Plaintiffs reserve the right to amend this Complaint to identify additional parties currently known only as John and Jane Doe Defendants.

### IV. FACTUAL ALLEGATIONS

13.

Prior to her death, Ms. Mays exhibited significant mental health and medical concerns known to Defendants.

14.

Upon information and belief, Ms. Mays had recently been placed on suicide watch and/or mental health observation prior to her death.

15.

Defendants knew or should have known that Ms. Mays was suffering from detoxification symptoms, mental health instability, and acute medical vulnerabilities requiring enhanced monitoring and treatment.

16.

Defendants nevertheless failed to provide constitutionally adequate medical and psychiatric care.

17.

Defendants failed to properly monitor Ms. Mays despite policies requiring regular inmate checks.

18.

Internal investigative materials revealed that no documented rounds occurred for several hours despite policies requiring welfare checks on mental health inmates approximately every thirty minutes.

19.

Upon information and belief, inmate rounds were falsified, omitted, or improperly documented.

20.

Defendants further failed to adequately staff the facility and failed to ensure appropriate monitoring of medically vulnerable detainees.

21.

Upon information and belief, overcrowding and chronic understaffing contributed to unsafe conditions within EBRPP.

22.

During the early morning hours of July 19, 2025, Ms. Mays failed to respond during inmate roll call.

23.

Reports indicate Ms. Mays had her face covered with a blanket and failed to verbally or physically respond despite repeated attempts to awaken her.

24.

Defendants observed that Ms. Mays appeared cold, rigid, blue-lipped, and unresponsive before meaningful medical intervention occurred.

25.

Despite obvious signs of medical distress, Defendants failed to timely obtain emergency medical care.

26.

Defendants failed to timely transport Ms. Mays to an outside hospital despite her deteriorating condition and known medical vulnerabilities.

27.

Upon information and belief, EMS notification and emergency intervention were delayed.

28.

Defendants further failed to follow detoxification protocols, suicide monitoring protocols, and mental health intervention policies.

29.

Internal records additionally reflect that an item was allegedly removed from Ms. Mays's cell and discarded before full investigative processing of the scene.

30.

Plaintiffs further allege concealment, misrepresentation, and failure to timely disclose critical information to family members following Ms. Mays's death.

31.

The official death certificate lists the immediate cause of death as "toxic effects of fentanyl."

32.

Toxicology testing documented fentanyl and norfentanyl in blood and urine specimens.

33.

Toxicology additionally documented fluoxetine, norfluoxetine, haloperidol, diphenhydramine, cannabinoids, and cocaine metabolite findings.

34.

The autopsy documented pulmonary congestion and edema consistent with opioid toxicity and respiratory compromise.

35.

The autopsy further documented no traumatic injuries.

36.

At all relevant times, Defendants acted under color of state law.

### V. CAUSES OF ACTION

**COUNT I**
**42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs**

37.

Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

38.

Ms. Mays had objectively serious medical and mental health needs.

39.

Defendants knew of and disregarded substantial risks to Ms. Mays's health and safety.

40.

Defendants failed to provide adequate medical care, detoxification treatment, monitoring, and emergency intervention.

41.

Defendants failed to conduct constitutionally adequate inmate checks and monitoring.

42.

Defendants' conduct constituted deliberate indifference in violation of the Fourteenth Amendment.

43.

As a direct and proximate result, Ms. Mays suffered severe pain, suffering, emotional distress, and death.

## COUNT II
### Failure to Train, Supervise, and Discipline

44.

Plaintiffs re-allege all prior paragraphs.

45.

Defendant Gautreaux and supervisory Defendants failed to adequately train, supervise, monitor, and discipline jail and medical personnel.

46.

Defendants maintained customs, practices, and policies exhibiting deliberate indifference to inmate medical and mental health needs.

47.

Such failures included inadequate training concerning:

a)  detoxification treatment,

b)  suicide prevention,

c)  mental health intervention,

d)  emergency response,

e)  inmate monitoring,

f)  and evidence preservation.

48.

These failures were moving forces behind the constitutional violations suffered by Ms. Mays.

## COUNT III
### Monell Liability/Unconstitutional Policies and Customs

49.

Plaintiffs re-allege all prior paragraphs.

50.

Defendants maintained unconstitutional customs, practices, and policies including:

a)  chronic understaffing,

b)  overcrowding,

c)  inadequate medical care,

d)  inadequate detoxification protocols,

e)  inadequate suicide prevention measures,

f)  inadequate emergency response systems,

g)  falsified inmate rounds,

h)  and deficient evidence preservation practices.

51.

These policies and customs directly caused the deprivation of Ms. Mays's constitutional rights.

## COUNT IV
## ADA and Rehabilitation Act Violations

52.

Plaintiffs re-allege all prior paragraphs.

53.

Ms. Mays suffered from mental health disabilities and medical impairments qualifying her for protection under the Americans with Disabilities Act and Rehabilitation Act.

54.

Defendants failed to reasonably accommodate Ms. Mays's disabilities and failed to provide equal access to necessary medical and mental health services.

55.

Such failures contributed directly to her death.

## COUNT V
## Wrongful Death

56.

Plaintiffs re-allege all prior paragraphs.

57.

Defendants' negligence and unconstitutional conduct caused the wrongful death of Maressa Mays.

58.

Plaintiffs and surviving beneficiaries sustained damages including:

a) loss of love and affection,

b) grief,

c) emotional distress,

d) loss of support,

e) funeral expenses,

f) and related damages.

## COUNT VI
### Survival Action

59.

Plaintiffs re-allege all prior paragraphs.

60.

Prior to her death, Ms. Mays suffered conscious pain, suffering, fear, emotional distress, and physical injury.

61.

These damages survive in favor of Plaintiffs pursuant to Louisiana law.

## COUNT VII
### Negligence and Medical Malpractice

62.

Plaintiffs re-allege all prior paragraphs.

63.

Defendants breached duties owed to Ms. Mays by failing to provide reasonable medical, psychiatric, custodial, and emergency care.

64.

Defendants' acts and omissions fell below accepted standards of care.

65.

These breaches caused and/or contributed to Ms. Mays's death.

## COUNT VIII
### Spoliation and Failure to Preserve Evidence

66.

Plaintiffs re-allege all prior paragraphs.

67.

Defendants knew or should have known litigation was likely following Ms. Mays's death.

68.

Defendants failed to preserve relevant physical evidence.

69.

Upon information and belief, relevant evidence was altered, destroyed, concealed, or allowed to be lost.

70.

Plaintiffs have been prejudiced by Defendants' failure to preserve evidence.

## VI. DAMAGES

71.

As a direct and proximate result of Defendants' conduct, Plaintiffs sustained damages including:

a) wrongful death damages,

b) survival damages,

c) emotional distress,

d) mental anguish,

e) funeral expenses,

f) medical expenses,

g) loss of consortium,

h) loss of support,

i) attorney fees under 42 U.S.C. § 1988,

j) pre-judgment interest,

k) post-judgment interest,

l) costs of court,

m) punitive damages,

n) and all other damages allowed by law.

## VII. INJUNCTIVE RELIEF

72.

Plaintiffs seek injunctive and declaratory relief requiring Defendants to:

a) improve staffing levels,

b) implement proper detoxification protocols,

c) improve suicide prevention systems,

d) preserve evidence,

e) implement constitutional inmate monitoring procedures,

f) improve medical emergency response systems,

g) and ensure compliance with constitutional standards.

## VIII. JURY DEMAND

73.

Plaintiffs hereby demand trial by jury on all issues triable by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that after due proceedings are had, there be judgment in their favor and against Defendants as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Punitive damages;

C.  Attorney fees and costs pursuant to 42 U.S.C. § 1988;

D.  Pre-judgment and post-judgment interest;

E.  Costs of court;

F.  Injunctive and declaratory relief;

G.  Trial by jury;

H.  All general and equitable relief to which Plaintiffs are entitled.

Respectfully submitted,
*/s/ Max E. Guthrie*
Max E. Guthrie - #32487
SHAMIEH LAW
707 Dr. Michael DeBakey Dr., Ste. A
Lake Charles, LA 70601
Telephone: (337) 735-7150
Facsimile: (945) 223-0743
Email: max@shamiehlaw.com
        kimberly@shamiehlaw.com
ATTORNEY FOR PLAINTIFFS